## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK STARK, | ) | CASE NO. 4:23-cv-3242 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CITY DEFENDANTS'** |
| | ) | **BRIEF IN SUPPORT OF THEIR** |
| CITY OF OMAHA, NEBRASKA; OMAHA | ) | **PARTIAL MOTION TO** |
| POLICE CHIEF TODD SCHMADERER, | ) | **DISMISS** |
| individually and in his official capacity; | ) | |
| NICOLAS YANEZ, individually and in his | ) | |
| official capacity; WILLIE J. MILLER, | ) | |
| individually; DOUGLAS H. ANDERS, | ) | |
| individually; and JOHN and JANE DOES 1-5, | ) | |
| real names unknown, individually and in their | ) | |
| official capacities. | ) | |
| | ) | |
| Defendants, | ) | |

COME NOW the Defendants City of Omaha, Chief Todd Schmaderer, in his individual and official capacities, and Officer Nicolas Yanez, in his individual and official capacities (the "City Defendants"), and in support of their Partial Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(6), submit the following brief.

## INTRODUCTION

The Plaintiff has filed a 59-page complaint with 457 individually numbered paragraphs (excluding subparagraphs), filled with factual allegations that detail his causes of action for inadequate investigation, false arrest, malicious prosecution, first amendment infringement, and civil conspiracy under 42 U.S.C. § 1983 and state common law tort claims. The Plaintiff's Complaint (Doc. #1) however, fails to make any specific factual allegations against Chief Todd Schmaderer that detail his personal involvement in any of these claims. The Complaint also make redundant claims against the City of Omaha by naming Chief Todd Schmaderer and Officer

- 1 -

Nicolas Yanez in their official capacities. Finally, to the extent that the Plaintiff's Complaint asks that judgment be entered against the City Defendants "jointly and severally" on the Plaintiff's state common law tort claims for malicious prosecution and civil conspiracy, the Plaintiff's claims are barred by the sovereign immunity retained by the City and its employees through the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §13-910(7). These claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which this Court may grant relief.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure permit the dismissal of a complaint or portions of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While Fed. R. Civ. P. 8(a)(2) only requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint that only alleges legal conclusions or "a formulaic recitation of the elements of a cause of action" does not meet this threshold standard, "nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678, quoting *Bell Atlantic corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

A complaint must plead enough factual matter that if taken as true will "state a claim to relief that is plausible on its face." *Twombly* at 570. If the complaint fails to do so it will not survive when confronted with a motion to dismiss. When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) a reviewing court must apply a plausibility standard to the claims alleged in the complaint. This standard "asks for more than a sheer possibility that a defendant has acted

unlawfully." *Iqbal* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'" *Id.* at 678, quoting *Twombly* at 557. While the Court should accept factual allegations articulated in a complaint when considering a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

## <u>ARGUMENT</u>

## I.

## THE PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICENT TO MAINTAIN A CAUSE OF ACTION AGAINST CHIEF SCHMADERER IN HIS INDIVIDUAL CAPACITY.

"[A] Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal* at 676. The Plaintiff has failed to plead such facts that could plausibly impose liability against Chief Schmaderer, in his individual capacity, for any of the Plaintiff's alleged constitutional injuries.

Chief Schmaderer's name appears in approximately 12 paragraphs of the Plaintiff's 456 paragraph Complaint. The factual allegations against Chief Schmaderer are as follows:

"15.    Defendant Todd Schmaderer was at all material times the Chief of Police and chief policymaker for the Omaha Police Department." Complaint, Doc. #1, p. 4.

"178.    OPD maintains an official written policy regarding Criminal Investigations, which was established by Defendant Todd Schmaderer. Todd Schmaderer has a sufficiently senior role such that his decisions may fairly be said to represent the official policy of the City of Omaha." Complaint, Doc. #1, p. 24.

"242.    The OPD maintains a written policy regarding the filing of applications for

Warrants established by Todd Schmaderer." Complaint, Doc. #1, p. 33.

"292.   Yanez initiated his insufficient investigation at the direction of his superior officers at the Omaha Police Department, including but not limited to Captain Steve Cerveny and Police Chief Todd Schmaderer." Complaint, Doc. #1, p. 40.

"297.   At all material times, the City of Omaha maintained inadequate customs, procedures, policies, and systems to review its agents and police officers, leading directly to the violations of Dr. Stark's constitutional rights.   These inadequate policies and procedures were established and approved by Defendant Todd Schmaderer." Complaint, Doc. #1, p. 41.

The remaining paragraphs that contain Chief Schmaderer's name, Paragraphs 310, 336, 368, 382, 394, 430, and 457, are general prayer for relief paragraphs which contain no factual allegations.   While the Plaintiff appears to be attempting to establish a policy, practice, or custom claim pursuant to *Monell v. New Your City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978) detailing Chief Schmaderer as a policy making official, such *Monell* policy, practice, or custom claims are insufficient to establish personal, individual liability against government officials who are not otherwise alleged to have any factual involvement in the Plaintiff's claims. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal* at 677.

As set forth above, there is no factual allegation that Chief Schmaderer took any individual action to assist in the alleged "inadequate" investigation, "fraudulent" procurement of an arrest warrant, arrest without probably cause of the Plaintiff, malicious prosecution of the Plaintiff, First Amendment retaliation, or civil conspiracy against the Plaintiff.   While the Plaintiff does allege in general, conclusory language that Officer "Yanez initiated his insufficient investigation at the direction of his superior officers at the Omaha Police Department, including but not limited to

Captain Steve Cerveny and Police Chief Todd Schmaderer," (Complaint, Doc. #1, p. 40), there are no facts alleged to support this claim in the preceding 39 pages of the Complaint, consisting of 288 paragraphs of factual allegations. This is exactly the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation" (*Iqbal* at 678) and "'naked assertion[s]' devoid of 'further factual enhancement'" (*Twombly* at 557) *Iqbal* and *Twombly* warn against.

In a voluminous Complaint otherwise filled with detailed allegations, the dearth of factual allegations made against Chief Schmaderer is conspicuously apparent, and does not state a claim to relief that is plausible on its face against Chief Schmaderer, in his individual capacity. The Complaint fails to provide "more than a sheer possibility that [Chief Schmaderer] has acted unlawfully" (*Iqbal* at 678), and it must be dismissed for failure to state a claim upon which this Court has the power to grant relief pursuant to Fed. R. Civ. P. 12(b)(6).

**II.**

**ALL CLAIMS AGAINST DEFENDANTS CHIEF TODD SCHMADERER AND OFFICER NICOLAS YANEZ IN THEIR OFFICIAL CAPACITIES ARE REDUNDANT AND SHOULD BE DISMISSED.**

Because the City of Omaha is a party to this action, all claims brought by the Plaintiff against Chief Todd Schmaderer and Officer Nicolas Yanez in their official capacities are redundant and must be dismissed. Official capacity claims are "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Where the entity is named as a defendant, an official capacity claim is redundant. *Foster v. Michigan*, 573 F. App'x 377, 389-90 (6th Cir. 2014).

The 8th Circuit has adopted this reasoning on numerous occasions. In *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010), the Court found that a plaintiff's 42 U.S.C. § 1983 claim against a city police officer in his official capacity was properly dismissed as

redundant of the plaintiff's same claim against the city. *See also Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (Finding that the district court correctly dismissed a 42 U.S.C. § 1983 claim against school district employee redundant to the claim against the School District); *Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994) (When plaintiff sued sheriff in his official capacity she sued the County as well – any naming of the County in the heading of the complaint was, therefore, redundant). Additionally, the United States District Court for the District of Nebraska dismissed plaintiffs' claims against the Westside Community School District's Superintendent in his official capacity. *See* Parsons v. McCann, 138 F. Supp. 3d 1086 (D. Neb. 2015). In doing so, Judge Kopf reasoned that "[b]ecause Plaintiffs' claims against [the Superintendent] in his official capacity are in reality claims against the school district for which he works, all claims against [the Superintendent] in his official capacity shall be dismissed as redundant of Plaintiffs' claims against Westside Community Schools." *Parsons v. McCann*, 138 F. Supp. 3d at 1113.

All of the Plaintiff's claims asserted against Chief Todd Schmaderer and Officer Nicolas Yanez in their official capacities are also asserted against the City of Omaha. Because these claims against the two employees are essentially claims against the City, all claims against the two named City Defendants in their official capacity are redundant and must be dismissed.

## III.

## THE PLAINTIFF'S STATE LAW CLAIMS FOR MALICIOUS PROSECUTION AND CIVIL CONSPIRACY ARE BARRED BY SOVEREIGN IMMUNITY.

The Plaintiff articulates claims for state common law malicious prosecution and civil conspiracy in his Seventh and Eighth Causes of Action. Complaint, Doc. #1, p. 55-57. While these causes of action are initially just asserted against "Miller, Anders, and John and Jane Does 1-5,"

the Plaintiff prays for relief from this Court entering judgment against the City Defendants, together with non-City Defendants, "jointly and severally, on his First, Second, Third, Fourth, Fifth, Sixth, *Seventh, and Eighth* Causes of Action." Complaint, Doc. #1, p. 58 (emphasis added). To the extent the Plaintiff is seeking a judgment against the City Defendants for the Plaintiff's Seventh and Eighth Causes of Action, these claims are barred against the City Defendants by sovereign immunity and this Court lacks subject matter jurisdiction over these state law claims.

The Nebraska Political Subdivisions Tort Claims Act, NEB. REV. STAT. §§ 13-901 *et seq.*, provides the sole vehicle through which the City or its employees can be sued in tort under state law. The Tort Claims Act defines a "tort claim" as: "any claim against a political subdivision for money only on account of damage to or loss of property or on account of personal injury or death, caused by *the negligent or wrongful act or omission* of any employee of the political subdivision, while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such damage, loss, injury, or death . . .." NEB. REV. STAT. §13-903(4) (emphasis added). The derivation of the claim or right to sue on that negligent or wrongful act, whether in common law, in statutes, or in the constitution, is not significant. As a result, this action is to be analyzed under the rules and standards imposed by the Tort Claims Act.

The Tort Claims Act sets out a comprehensive procedure whereby the traditional concept of governmental immunity is partially abrogated. The Act does not, however, expose cities or their employees to liability for all acts that cause injury. When the legislature adopted the Tort Claims Act it expressed a public policy that liability would be limited. In NEB. REV. STAT. §13-902 the legislature expressly declared it to be the public policy of the State that "no suit shall be maintained against such political subdivision *or its officers, agents, or employees* on any tort claim

except to the extent, *and only to the extent*, provided by the Political Subdivisions Tort Claims Act." (Emphasis added). The Tort Claims Act is to be strictly construed in favor of the political subdivision and against the waiver of sovereign immunity. *McKenna v. Julian and the City of Omaha,* 277 Neb. 522, 528, 763 N.W.2d 384, 390 (2009). If suit is not allowed by the Act, then suit is not allowed at all.

There is also a presumption in favor of sovereign immunity, and the Tort Claims Act only waives that presumption with regard to certain acts. *Id.* at 527. Moreover, the Tort Claims Act specifically exempts certain actions including:

> (7) Any claim arising out of assault, battery, false arrest, false imprisonment, *malicious prosecution*, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights . . .

NEB. REV. STAT. § 13-910(7) (emphasis added). Nebraska courts have long held that political subdivisions are immune from liability arising under the intentional torts listed in that subparagraph, and no suit may be maintained against a municipality or its employees for the causes of action listed there. See *Johnson v. State,* 700 N.W.2d 620, 625 (2005); *McKenna,* 277 Neb. at 530-31, 763 N.W.2d at 391-92.

This principle of governmental immunity has been affirmed and reaffirmed by the Nebraska Supreme Court. In *Webber v. Andersen,* 187 Neb. 9; 187 N.W.2d 290 (1971) the Court held that the common law rule of governmental immunity had not been completely abrogated in Nebraska. In adopting the Political Subdivision Tort Claims Act the Legislature had expressly retained that immunity for the actions listed in NEB. REV. STAT. § 13-910(7). The Court refused to judicially abrogate the common law governmental immunity for the actions of an employee who allegedly slandered the plaintiff. The Court said:

> We are therefore faced with the problem whether or not the abrogation of the doctrine of governmental immunity should be extended to actions for false

- 8 -

arrest, false imprisonment, and libel and slander. We have no decisions of this court that indicate that governmental immunity was to be abrogated as to such actions. Previous cases in which governmental immunity has been denied as a defense bear no resemblance to the three causes of action here being discussed. We conclude that governmental immunity should be, and is, a defense to these types of action. We are influenced by the fact that this is the proper public policy to be adopted because of the enactment in 1969 by the Legislature of a Political Subdivisions Tort Claims Act prohibiting tort claims "except to the extent, and only to the extent, provided by this act," and providing that it "shall not apply to * * * Any claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." See §§ 23-2401 and 23-2409(5), R. R. S. 1943 [recodified as §§ 13-901 and 13-910(7)].

Further, §13-910(7) bars any claim *arising out* of the listed conduct, not just the specific claims of malicious prosecution asserted in the present Complaint.

The City Defendants cannot be sued for the alleged acts stated in the Complaint under state law. The Plaintiff's state law claims for malicious prosecution, and claims arising out of the alleged malicious prosecution like civil conspiracy, are expressly barred by the Political Subdivision Tort Claims Act. Additionally, the Plaintiff has failed to allege compliance with the procedural claim requirements imposed by Tort Claims Act, a prerequisite to judicial jurisdiction over the matter. The sovereign immunity retained by the City Defendants preclude this Court from subject matter jurisdiction over these state tort claims and they must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the aforementioned reasons, the City Defendants respectfully request the Court to dismiss the Plaintiff's claims against Chief Todd Schmaderer in their entirety, against Officer Nicolas Yanez in his official capacity, and the state common law based tort claims against all City Defendants.

Respectfully submitted this 5th day of February, 2024.

> City of Omaha; Chief Todd Schmaderer, individually and in his official capacity; and Officer Nicolas Yanez, individual and in his official capacity, Defendants.

> By: s/ Ryan J. Wiesen
> RYAN J. WIESEN, No. 24810
> Deputy City Attorney
> TYLER E. HIIPAKKA, No. 25983
> Assistant City Attorney
> Attorneys for the listed Defendants
> Omaha/Douglas Civic Center
> 1819 Farnam Street, Suite 804
> Omaha, NE 68183
> (402) 444-5115
> Ryan.Wiesen@cityofomaha.org
> Tyler.Hiipakka@cityofomaha.org

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(3), I hereby certify that this brief complies with the word count limitation provided under the rule and further certify that this document was prepared using Microsoft Word 2019, and the word count function was applied to include all text, including the caption, headings, footnotes and quotations. This document contains 3,022 words.

> /s/ Ryan J. Wiesen
> RYAN J. WIESEN

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 5th day of February, 2024, the foregoing BRIEF IN SUPPORT OF THE CITY DEFENDANTS PARTIAL MOTION TO DISMISS was filed with the Clerk of the Court using the CM/ECF system, which is to send notification of such filing to all attorneys of record registered with CM/ECF system. A copy of the foregoing will also be sent by first class mail, postage prepaid, addressed to the following on January 6, 2024:

Doug Anders
Tecumseh State Correctional Institution
2725 NE-50
Tecumseh, Nebraska 68450

Nebraska Attorney General's Office
2115 State Capitol
PO Box 98920
Lincoln, Nebraska 68509

s/ Ryan J. Wiesen
Deputy City Attorney

- 11 -