IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK A. STARK, | ) | CASE NO.: 4:23-cv-03242 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S BRIEF IN OPPOSITION TO** |
| | ) | **THE CITY OF OMAHA'S PARTIAL** |
| CITY OF OMAHA, NEBRASKA; OMAHA | ) | **MOTION TO DISMISS** |
| POLICE CHIEF TODD SCHMADERER, | ) | |
| individually and in his official capacity, | ) | |
| NICOLAS YANEZ, individually and in his | ) | |
| official capacity;  WILLIE J. MILLER, | ) | |
| individually; DOUGLAS H. ANDERS, | ) | |
| individually, and JOHN or JANE DOES 1-5, | ) | |
| real names unknown. individually and in their | ) | |
| official capacities. | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, Plaintiff Jack A. Stark ("Dr. Stark") by and through his undersigned counsel and submits this brief in opposition to the partial motion to dismiss filed by Defendants City of Omaha, Todd Schmaderer, and Nicolas Yanez.

## INTRODUCTION

Dr. Stark filed this lawsuit seeking justice for his unconstitutional arrest and prosecution and the abject violation of his right to free speech. Specifically, Dr. Stark brought claims against the City of Omaha, Omaha Police Department Chief Todd Schmaderer, and Detective Nicolas Yanez (collectively the "City Defendants") for an inadequate investigation, fraudulently obtained arrest warrant, false arrest, malicious prosecution, civil conspiracy, and violations of the First Amendment, pursuant to 28 U.S.C. § 1983.  (Doc. #1 ¶¶ 289-430). The City Defendants filed a Partial Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. # 23). The City Defendants seek three forms of relief:

1) The dismissal of all claims against Chief Todd Schmaderer ("Schmaderer");

2) The dismissal of the official capacity claims against Schmaderer and Detective Nicolas Yanez ("Yanez"); and

3) The dismissal of the state law claims, to the extent that they are levied against the City Defendants.

1

Because Dr. Stark has pled sufficient facts to state a claim for relief against Schmaderer and requests two and three are unnecessary, the City Defendants' Partial Motion to Dismiss should be denied.

## STANDARD OF REVIEW

A district court presented with a 12(b)(6) motion is required to accept the facts alleged in the complaint as true and view allegations in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombl*y, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 555). )). However, "specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Ultimately, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, In*c., 588 F.3d 585, 594 (8th Cir. 2006). A court should not dismiss the complaint simply because the court is doubtful the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. "Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations" *Id.* "[A] well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely'" *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). All that is required is that "the facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim." *Cavanaugh v. Bartelt*, 178 F. Supp. 3d 819, 827 (D. Neb. 2016), aff'd (Sept. 7, 2016). "The pleading standard under Fed. R. Civ. P. 12(b)(6) contemplates that plaintiffs will often be unable to prove definitively the elements of the claim before discovery, particularly in cases where the necessary information is within the control of the defendants." *Walkinshaw v. Saint Elizabeth Reg'l Med. Ctr.*, 428 F. Supp. 3d 171, 179 (D. Neb. 2019).

## FACTUAL BACKGROUND

Dr. Stark is an elected public official who serves on the Nebraska Board of Regents. (Doc. #1 ¶ 13).

2

At all material times, Schmaderer was the Chief of Police and chief policy maker for the Omaha Police Department ("OPD"). (Doc. #1 ¶ 15). Schmaderer's decisions represent the official policy of the City of Omaha. (Doc. #1 ¶178). At all material times, Yanez was a police officer with OPD who reported to Schmaderer and others. (Doc. #1 ¶ 16).

OPD maintains official written policies that were established and approved by Schmaderer. (Doc. #1 ¶¶178, 295, 297). These policies include policies regarding criminal investigations and the application for arrest warrants. (Doc. #1 ¶¶ 178, 242). Schmaderer established an official policy that permits criminal investigations to be assigned to inappropriate personnel. (Doc. #1 ¶181). Schmaderer also created the official policy that incentivizes officers to submit affidavits without sufficient evidence to establish probable cause. (Doc. #1 ¶254). Both of these policies are unconstitutional and infringed on Dr. Stark's constitutional rights. (Doc. #1 ¶¶ 181, 254).

In October 2020, Yanez was assigned to investigate the false allegations against Dr. Stark despite OPD believing him to be an inappropriate investigator for the task. (Doc. #1 ¶181). OPD leadership knew that Yanez was not the appropriate investigator. Notwithstanding this fact, Yanez's superiors - including Schmaderer - allowed Yanez to initiate an unconstitutionally inadequate criminal investigation into Dr. Stark. (Doc. #1 ¶¶292-293). After his inadequate investigation, Yanez prepared an affidavit for an arrest warrant, which complied with Schmaderer and OPD's unconstitutional policy. (Doc. #1 ¶315). As incentivized by the policy, Yanez's affidavit failed to establish probable cause. (Doc. #1¶316). Yanez filed his unconstitutional and fraudulent affidavit with the approval of his supervisors at OPD, including Schmaderer. (Doc. #1 ¶314, 339).

At all material times, Yanez followed the inadequate and unconstitutional policies and procedures of OPD as Schmaderer had established them. (Doc. #1 ¶¶296-297). Yanez completed his inadequate investigation in May 2021. (Doc. #1 ¶252). Inexplicably, three months later, Yanez began drafting his fraudulent affidavit on August 18, 2021. (Doc. #1 ¶253).

## ARGUMENT

Although Dr. Stark received discovery from the State of Nebraska during his wrongful prosecution, he was unable to obtain certain information about Schmaderer. As such, the level of detail in Dr. Stark's Complaint tracks the nature and quantity of the State's discovery. The Complaint, however, is not subject to a higher level of scrutiny at this stage simply because State of Nebraska did not provide discovery regarding Schmaderer.

3

To be sure, nothing in this case shifts the burden under the "liberal notice pleading standards in federal courts" to require more than giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Morales v. Greater Omaha Packing Co.*, No. 8:08CV161, 2008 WL 5255807, at *2, 1 (D. Neb. Dec. 15, 2008). Civil Rights cases, whether against individuals or municipalities, do not require heightened pleading standards. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 163, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993) ("It is impossible to square [a] heightened pleading standard . . . with the liberal system of 'notice pleading' set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'").

### 1. Dr. Stark has stated a claim against Schmaderer for his constitutional torts.

Dr. Stark's Complaint contains sufficient factual allegations, taken as true, to establish a claim against Schmaderer. The thrust of the City Defendants' argument for dismissing Schmaderer is that his name only appears in 12 paragraphs of the complaint. (Doc. #24 pp. 3-4). This argument makes no sense. The Complaint directly alleges that Schmaderer created an unconstitutional policy and approved unconstitutional behavior. The specific allegations against Schmaderer and the Complaint read, as a whole, demonstrate an actionable §1983 claim against Schmaderer. The number of times his name appears is, therefore, of no moment.

Indeed, an individual or municipality can be held liable under §1983 for a single unconstitutional act. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S. Ct. 1292, 1298–99, 89 L. Ed. 2d 452 (1986). Additionally, an allegation of municipal liability necessarily includes an allegation of individual liability against the municipality's chief policymaker. *Summers v. City of Omaha*, No. 8:21CV453, 2023 WL 8446368, at *3 (D. Neb. Sept. 6, 2023) ("Allegations of municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), reasonably encompass the supervisory or policy-making officials as defendants, in their individual capacities").

To survive a motion to dismiss, Dr. Stark need only allege that Schmaderer and/or the City of Omaha engaged in a single unconstitutional act. Since a single act by a policymaker establishes municipal liability, then individual liability is equally established for that individual policymaker – namely, Schmaderer. Here, Dr. Stark goes beyond the minimum threshold by alleging that the

City of Omaha and Schmaderer engaged in several unconstitutional acts. And discovery will certainly provide more information on these allegations.

Dr. Stark has properly alleged two unconstitutional policies maintained by the City of Omaha and created by Schmaderer. The first unconstitutional policy permits a criminal investigation to be assigned to an inappropriate investigator. (Doc. #1 ¶181). An inappropriate investigator, by definition, cannot perform a constitutionally adequate investigation as required under the Fourteenth Amendment. The second unconstitutional policy induces police officers to file inadequate affidavits that fail to establish probable cause. (Doc. #1 ¶254). Schmaderer is liable for creating and maintaining these unconstitutional policies, directly leading to Dr. Stark's harm. (Doc. #1 ¶¶ 178, 297).

Dr. Stark has also pled sufficient factual allegations to raise a reasonable expectation that discovery will show Schmaderer engaged in more unconstitutional behavior. The Complaint must be read as a whole and not dissected into individual independent allegations. *Braden*, 588 F.3d at 594. The Complaint contains 457 paragraphs detailing the numerous ways Dr. Stark was subject to an inadequate investigation, malicious prosecution, and other Constitutional torts. In addition to the specific allegations regarding Schmaderer's role in establishing unconstitutional policies, the Complaint details how Yanez acted at the behest of his superiors, including Schmaderer.

Yanez's supervisors ordered him to investigate the false claims against Dr. Stark despite being an inappropriate investigator. (Doc. #1 ¶181). Yanez initiated and performed his inadequate investigation at the direction and with the approval of his supervisors at OPD, including Schmaderer. (Doc. #1 ¶292). Yanez completed his investigation and took no action for three months until he inexplicably began drafting his fraudulent affidavit. (Doc. #1 ¶¶252-253). That timing suggests he received instruction from his superiors. Yanez submitted his inadequate affidavit after submitting it for approval to his superiors. (Doc. #1 ¶¶255-257, 339).

It is reasonable to infer that Schmaderer was individually involved in directing and approving Yanez's actions as one of his supervisors. Indeed, it would be an unthinkable and breathtaking departure from routine police procedures for an officer to investigate and arrest an <u>elected public official</u> for a felony without the individual approval of the Chief of Police.

Ultimately, to survive a motion under Rule 12(b)(6), Dr. Stark need not allege every fact necessary to prevail at trial. The Complaint must merely demonstrate that there exists "a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the

plaintiff's claim." *Cavanaugh*, 178 F. Supp. 3d at 827. This is especially true in situations such as this, where the necessary information is in the possession of the City Defendants. *See Walkinshaw*, 428 F. Supp. 3d at 179. Because Dr. Stark has specifically alleged Schmaderer engaged in unconstitutional acts and submitted evidence suggesting discovery will reveal additional evidence of his individual involvement, the City Defendants' partial motion to dismiss should be denied.

**II. The City Defendants' Second and Third requests are unnecessary.**

Simply because the municipal claim and the official capacity claims are the same, does not require dismissal. Dr. Stark agrees with the City Defendants that an official capacity claim is but "another way of pleading an action against an entity of which an officer is an agent." *Felts v. Green*, 91 F.4th 938, 940 (8th Cir. 2024). Dr. Stark disagrees that Schmaderer and Yanez's official capacity claims must be dismissed. Official capacity claims and claims against the municipality are commonly brought simultaneously and permitted to advance through litigation. *See Winslow v. Smith*, 696 F.3d 716 (8th Cir. 2012); *Dean v. Cnty. of Gage, Neb.*, 807 F.3d 931 (8th Cir. 2015); *Melendres v. Arpaio*, 989 F. Supp. 2d 822 (D. Ariz. 2013); *Belcastro-Gonzalez v. City of Omaha*, No. 8:19CV572, 2022 WL 3446336 (D. Neb. Aug. 17, 2022). Accordingly, the official capacity claims against Yanez and Schmaderer need not be dismissed.

Dr. Stark did not bring any state law claims against the City Defendants. The Complaint clearly articulates that the seventh and eighth causes of action are brought against the private defendants. (Doc. #1 ¶¶ 446, 455). The City Defendants' third argument rests on the grammatical interpretation of Dr. Stark's Prayer for Relief. (Doc. #24 pg. 7). Regardless, a motion under Rule 12(b) is not a proper approach to challenge a prayer for relief. *See Kruse v. Repp*, 611 F. Supp. 3d 666, 725 (S.D. Iowa 2020) ("Nor is it a proper use of a motion under Rule 12(b)(6) to challenge the pleading of a prayer for relief"); *Reininger v. Oklahoma*, 292 F. Supp. 3d 1254, 1266 (W.D. Okla. 2017) ("Typically, a Rule 12(b) motion tests the sufficiency of a claim and not a prayer for relief"); *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011) ("the prayer for relief is no part of the cause of action and ... the parties are entitled to such relief and to such judgment as the complaint ... makes out"). The City Defendants' third argument regarding Dr. Stark's prayer for relief is unnecessary and improper.

6

**CONCLUSION**

Dr. Stark has alleged more than enough facts to sustain a cause of action against Schmaderer, and the City Defendants' second and third requests are unnecessary. Therefore, Dr. Stark respectfully requests the Court deny the City Defendants' partial motion to dismiss.

DATED this 26th day of February, 2024.

JACK A. STARK, Defendant

BY:    */s/ Justin W. Pritchett*
        Justin W. Pritchett, #27914
        Michael B. Duffy, #27529
        Katherine A. McNamara, #25142
        FRASER STRYKER PC LLO
        500 Energy Plaza
        409 South 17th Street
        Omaha, NE 68102-2663
        (402) 341-6000
        jpritchett@fraserstryker.com
        mduffy@fraserstryker.com
        kmcnamara@fraserstryker.com
        ATTORNEYS FOR PLAINTIFF