IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK A. STARK, | ) | CASE NO.: 4:23-cv-03242 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S BRIEF IN OPPOSITION TO** |
| | ) | **NEBRASKA ATTORNEY GENERAL'S** |
| NICOLAS YANEZ, individually and in his | ) | **MOTION TO QUASH** |
| official capacity; WILLIE J. MILLER, | ) | |
| individually; DOUGLAS H. ANDERS, | ) | |
| individually, and JOHN or JANE DOES 1-5, | ) | |
| real names unknown. individually and in their | ) | |
| official capacities. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

COMES NOW, Plaintiff Jack A. Stark ("Dr. Stark"), by and through his undersigned counsel, submits this brief in opposition to the Motion to Quash (the "Motion") filed by the Nebraska Attorney General's Office.

## BACKGROUND

Dr. Stark filed this action alleging, among other things, that he was maliciously arrested without probable cause after Defendant Yanez performed a negligent investigation, and in retaliation for his use of protected speech. (Filing No. 1 - Complaint ¶¶ 289-310, 395-430). Defendant Yanez, in turn, has alleged as an affirmative defense that he acted with the advice and consent of an attorney. (Filing No. 61 – Answer ¶ 8).

On June 10th, 2025, Dr. Stark served on all other parties a Notice of Intent to Serve a Rule 45 Subpoena, attached hereto as Exhibit A. The proposed subpoena sought from the Nebraska Attorney General's Office the following:

> All Documents including pleadings, testimony, police reports, memoranda, logs, photographs, audio tapes, video recordings, correspondence, e-mails, polygraph charts and scoring sheets, or other electronic or documentary materials that were used and/or

1

generated in the course of the prosecution of Jack A. Stark for the alleged witness tampering of Willie Miller in Omaha, Nebraska on or about August 14, 2020.

All Documents that comprise, reflect, or record any Communications (in writing, by email, text message or otherwise) between any Person in the Nebraska Attorney General's Office and: (1) Douglas County, Nebraska, County Attorney's Office, (2) any Person in the Omaha Police Department; (3) any Person in the Nebraska Governor's Office; (4) any Person on the Nebraska Board of Regents; (5) any Person in the Nebraska Unicameral legislature, or; (6) any Person in the Omaha City Council or City of Omaha, that refer to or relate to the investigation and prosecution of Jack A. Stark for the alleged witness tampering of Willie Miller on or about August 14, 2020.

No party objected; the Subpoena was issued on June 20, 2025, and served via personal service on the Nebraska Attorney General's Office on July 3, 2025. (Filing No. 89 – Motion to Quash p. 5). On July 23, 2025, the Nebraska Attorney General's Office filed the pending Motion contending the materials sought were protected by the Work Product Doctrine. (Filing No. 89).

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …" USCS Fed Rules Civ Proc R 26. " Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). Yet, as the Eighth Circuit emphasized, "we stress that the presumption should be in favor of full discovery of any matters arguably related to …" the issue in controversy. *Id*.

## ARGUMENT

The Motion to Quash must be denied because none of the materials sought are privileged in any way, and the Nebraska Attorney General's Office (the "AG") has failed to follow the local rules for Motion practice.

a. **Rule 7.1**

Nebraska Civil Rule 7.1 governs the procedures for Motion practice in this district. Rule 7.1(a)(1)(A) provides:

> A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. The brief must be separate from, and not attached to or incorporated in, the motion or index of evidence. The brief must concisely state the reasons for the motion and cite to supporting authority. **A party's failure to brief an issue raised in a motion may be considered a waiver of that issue**.

(emphasis added). Rule 7.1(a)(1)(B) provides:

> A brief is not required if (i) a motion raises no substantial issue of law and (ii) relief is within the court's discretion. Examples include motions to which all parties consent, to withdraw as counsel to a party, for an extension of time, or for leave to proceed in forma pauperis. **If the court concludes that a motion raises a substantial issue of law, however, it may treat the failure to file a brief as an abandonment of the motion**.

(emphasis added).

While the AG filed the pending Motion, which contains nine numbered paragraphs outlining its legal position, it failed to file a brief of any sort.

Whether a privilege applies is a substantive issue of law. See *Edelstein v. Optimus Corp.*, No. 8:10CV61, 2012 U.S. Dist. LEXIS 56188, at *7 (D. Neb. Apr. 23, 2012) ("Rather, the Court will address the substantive issues involved, that is, whether the four documents in question are shielded from discovery by the work product doctrine and/or the attorney-client privilege.")(vacated in part by *Edelstein v. Optimus Corp.*, No. 8:10CV61, 2012 U.S. Dist. LEXIS 82340, at *14 (D. Neb. June 14, 2012)).

Because the AG has failed to brief a substantive issue of law, Rule 7.1 requires the Motion to Quash be deemed waived and/or abandoned. Therefore, the Motion should be denied.

### b. Privilege

"The party who claims the benefit of the attorney-client or work product privilege has the burden of establishing the right to invoke its protection." *Edelstein v. Optimus Corp.*, No. 8:10CV61, 2012 U.S. Dist. LEXIS 82340, at *5 (D. Neb. June 14, 2012) (citing *Diversified*

3

*Indus., Inc. v. Meredith*, 572 F.2d 596, 609 (8th Cir. 1978) (en banc)) (see also *State ex rel. Stivrins v. Flowers*, 273 Neb. 336, 341, 729 N.W.2d 311, 316 (2007)). "Specifically, the person asserting privilege 'must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, [or] communications . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.'" *Livers v. Schenck*, 2009 U.S. Dist. LEXIS 13734, *12 (quoting Fed. R. Civ. P. 45(d)(2)(A)).

    The AG asserts two arguments in its Motion:

    (1) that the materials sought may be duplicative of materials disclosed during the underlying criminal matter (Filing No. 89 – Motion ¶ 3); and

    (2) that the materials sought are undiscoverable under the work product doctrine and Federal Rule of Civil Procedure 26(b)(3)(A).

Regarding the first argument, Dr. Stark has no interest in duplicative materials and would happily have met and conferred with the AG regarding the scope of materials sought to prevent duplicative disclosures. However, the AG did not attempt to meet and confer prior to filing the instant Motion. It is worth noting that if Rule 26 applied to this matter, the AG's failure to meet and confer is a violation of Rule 26(c)(1).

    Regarding the second argument, Rule 26(b)(3)(A) provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial **by or for another party** or its representative.

(Emphasis added). As the Supreme Court has noted, "the literal language of the Rule protects materials prepared for any litigation or trial as long as they were prepared **by or for a party to the subsequent litigation**." *Ftc v. Grolier, Inc.*, 462 U.S. 19, 25, 103 S. Ct. 2209, 2213 (1983) (emphasis added) (citing See 8 C. Wright & A. Miller, Federal Practice and Procedure § 2024, p. 201 (1970)). In other words, there is a two-prong test for whether Rule 23(b)(3) applies. "[T]o qualify for protection against discovery under [Rule 26(b)(3)], documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) **they must be prepared by or for another party or by or for that other party's representative**." *United States v. Torf (In re Grand Jury Subpoena)*, 357 F.3d 900, 907 (9th Cir. 2003) (quotation omitted)(emphasis added).

Because the AG is not a party to the above-captioned lawsuit and was not a representative nor attorney for any party in the above-captioned case, Rule 26 does not apply. See *Livers v. Schenck*, 2009 U.S. Dist. LEXIS 13734, *16, (citing *Doubleday v. Ruh,* 149 F.R.D. 601, 605-606 (E.D. Cal. 1993) (finding prosecuting attorneys "[are] unable to assert the privilege on [the investigator defendant's] behalf, and the deputy district attorneys are not 'its lawyers' in the [previous] criminal or [subsequent] civil proceedings")). The only rule that applies is Rule 45.

   1. **Rule 45.**

Rule 45(d)(2)(B) requires that recipients of a Rule 45 subpoena who are commanded to produce or allow inspection serve on the issuing party or attorney "a written objection." "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). At no point between July 3, 2025, and July 23, 2025, did the AG serve a written objection to the subpoena. For this reason alone, the Motion must be denied.

Rule 45(d)(3)(A) permits a **timely** Motion to quash a subpoena on the grounds that the sought material may be privileged. However, Rule 45(e)(2) requires that recipients claiming a privilege must:

> (i) expressly make the claim; and

> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

The AG's Motion, while making the claim of privilege, is completely bereft of any description whatsoever of the materials being withheld. It is fundamentally impossible for the parties to assess the claim with the scant argument proffered by the AG.

Because the AG's Motion is both untimely and insufficient under Rule 45, the Motion must be denied.

   2. **Work Product.**

"The privilege derived from the work-product doctrine is not absolute. …" *United States v. Nobles*, 422 U.S. 225, 239, 95 S. Ct. 2160, 2170 (1975). "Like other qualified privileges, it

may be waived." *Id.* Ultimately, discovery of the "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.…" *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392 (1947).

Accordingly, "the party seeking to assert a privilege has the burden of establishing that the privilege applies. *Clayton Int'l, Inc. v. Neb. Armes Aviation*, No. 8:21CV309, 2024 U.S. Dist. LEXIS 167991, at *5 (D. Neb. Sep. 18, 2024) (citing *United States v. Ivers*, 967 F.3d 709, 715 (8th Cir. 2020)).

The second set of requested materials seeks the disclosure of "All Documents that comprise, reflect, or record any **communications** (in writing, by email, text message or otherwise) between any Person in the Nebraska Attorney General's Office and: (1) Douglas County, Nebraska, County Attorney's Office, (2) any Person in the Omaha Police Department; (3) any Person in the Nebraska Governor's Office; (4) any Person on the Nebraska Board of Regents; (5) any Person in the Nebraska Unicameral legislature, or; (6) any Person in the Omaha City Council or City of Omaha, that refer to or relate to the investigation and prosecution of Jack A. Stark for the alleged witness tampering of Willie Miller on or about August 14, 2020."

None of these entities was the client of the AG during the prosecution of Dr. Stark. Any alleged work product contained therein was necessarily disclosed to a non-party, and therefore, the alleged privilege was waived. Indeed, nothing in the AG's Motion explains why or how the AG was sharing privileged work product with members of the Omaha City Council, the Nebraska Board of Regents, the Governor's office, or the Legislature. The AG's motion is completely devoid of any means of demonstrating that the work product privilege applies and, therefore, cannot carry its burden.

Most importantly, the Court in this District has already determined that these requests are proper. In 2009, Judge Thalken ruled that the following requests were proper for a Rule 45 subpoena:

> "All Documents including pleadings, testimony, police reports, memoranda, logs, photographs, audio tapes, video recordings, correspondence, e-mails, polygraph charts and scoring sheets, or other electronic or documentary materials that were used and/or generated in the course of the prosecution of [Livers] and [Sampson] for the murders of Wayne and Sharmon Stock in Murdock, Nebraska on or about April 17, 2006.

6

> All Documents that comprise, reflect, or record any Communications (in writing, by email, or otherwise) between any Person in the Cass County Prosecutor's Office and: (1) Douglas County, Nebraska Sheriff's Office, Criminal Investigation Bureau; (2) any Person in the Cass County, Nebraska Sheriff's Office; or (3) any Person in the Nebraska State Patrol that refer to or relate to the investigation of the murders of Wayne and Sharmon Stock in Murdock, Nebraska on or about April 17, 2006"

*Livers v. Schenck*, No. 8:08CV107, 2009 U.S. Dist. LEXIS 13734, at *6 (D. Neb. Feb. 9, 2009). Just as in *Livers*, the current Rule 45 subpoena uses identical language to seek the same materials from the prosecuting attorneys in a subsequent civil action brought against the police investigator. "The [AG's] Office does not render legal services to the investigators in the context of pursuing criminal charges against a third-party. *Livers v. Schenck*, No. 8:08CV107, 2009 U.S. Dist. LEXIS 13734, at *15-16 (D. Neb. Feb. 9, 2009). "Furthermore, the communications in this context are not the type considered confidential because the communications are intended to be made public by virtue of prosecuting the suspect." *Id.* Because the sought Communications are not privileged in any way, the AG's Motion must be denied.

## CONCLUSION

Because the Rule 45 subpoena does not seek any privileged materials, the AG has failed to meet its burden, and has failed to follow the local and federal rules of procedure, the Motion must be denied.

DATED this 5th day of August, 2025.

                                JACK A. STARK, Defendant

                By:    */s/ Justin W. Pritchett*
                        Justin W. Pritchett, #
                        Chandler Conway PC LLO
                        1018 Dodge Street, Suite 5
                        Omaha, NE  68102
                        Phone: (402) 933-6858
                        Email: justin@chandlerconway.com

                        and

                        Vincent M. Powers #15866
                        Powers Law
                        411 South 13th Street, Suite 300
                        Lincoln, NE 68501-4936
                        T: 402-474-8000

**CERTIFICATE OF COMPLIANCE**

      Pursuant to NECivR 7.1(d), counsel certifies that this brief contains 2,383 words including all text, captions, headings, footnotes, and quotations according to the word count function of Microsoft Word 365.

                                          */s/ Justin W. Pritchett*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACK A. STARK, | CASE NO. 4:23-CV-3242 |
| Plaintiff, | |
| vs. | **NOTICE OF INTENT TO SERVE SUBPOENAS ON NONPARTIES** |
| NICOLAS YANEZ, WILLIE J. MILLER, and DOUGLAS H. ANDERS, | |
| Defendants. | |

**COMES NOW**, Jack A. Stark, by and through his undersigned counsel of record, hereby gives notice that on June 20, 2025, he will serve subpoenas, copies of which are attached hereto, upon the following nonparties:

Records Custodian

Nebraska Attorney General's Office

1445 K Street

Lincoln, NE 68508

DATED this 10th day of June, 2025.

1

JACK A. STARK, Defendant,

By: */s/ Justin W. Pritchett*
Justin W. Pritchett, #27914
Chandler Conway PC LLO
1018 Dodge Street, Suite 5
Omaha, NE  68102
Phone: (402) 933-6858
Email: justin@chandlerconway.com

and

Vincent M. Powers #15866
Powers Law
411 South 13th Street, Suite 300
Lincoln, NE 68501-4936
T: 402-474-8000

## CERTIFICATE OF SERVICE

The Undersigned hereby certifies that a true and correct copy of the foregoing instrument has been sent via electronic mail on the 10th day of June, 2025, to the following:

RYAN J. WIESEN, No. 24810
TYLER E. HIIPAKKA, No. 25983
Omaha/Douglas Civic Center
1819 Farnam Street, Suite 804
Omaha, NE 68183
(402) 444-5115
Ryan.Wiesen@cityofomaha.org
Tyler.Hiipakka@cityofomaha.org

2

Michael L. Storey, #24960
LAMSON DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
mstorey@ldmlaw.com
Tele: 402-397-7300 | Fax: 402-397-7824


Adam J. Sipple, #20557
**S I P P L E L A W**
12020 Shamrock Plz Suite 200
Omaha, NE 68154
adam@sipple.law

3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| | |
|---|---|
| JACK A. STARK <br> *Plaintiff* <br> v. <br> NICOLAS YANEZ, WILLIE J. MILLER, and DOUGLAS H. ANDERS <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 4:23-CV-3242 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Nebraska Attorney General's Office
        1445 K Street, Lincoln, NE 68508

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Chandler Conway PC LLO <br> 1018 Dodge Street, Omaha, NE 68102 | Date and Time: <br> 07/23/2025 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/20/2025

            *CLERK OF COURT*
                                            OR
                                                        s/ Justin W. Pritchett
    *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jack A. Stark
_____, who issues or requests this subpoena, are:

Justin W. Pritchett, 1018 Dodge Street Suite 500, Omaha, NE 68102, Justin@chandlerconway.com; 402-933-6858

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:23-CV-3242

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Attachment A

All Documents including pleadings, testimony, police reports, memoranda, logs, photographs, audio tapes, video recordings, correspondence, e-mails, polygraph charts and scoring sheets, or other electronic or documentary materials that were used and/or generated in the course of the prosecution of Jack A. Stark for the alleged witness tampering of Willie Miller in Omaha, Nebraska on or about August 14, 2020.

All Documents that comprise, reflect, or record any Communications (in writing, by email, text message or otherwise) between any Person in the Nebraska Attorney General's Office and: (1) Douglas County, Nebraska, County Attorney's Office, (2) any Person in the Omaha Police Department; (3) any Person in the Nebraska Governor's Office; (4) any Person on the Nebraska Board of Regents; (5) any Person in the Nebraska Unicameral legislature, or; (6) any Person in the Omaha City Council or City of Omaha, that refer to or relate to the investigation and prosecution of Jack A. Stark for the alleged witness tampering of Willie Miller on or about August 14, 2020.