IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JACK A. STARK,

          Plaintiff,

vs.

NICOLAS YANEZ, individually; WILLIE J. MILLER, individually; DOUGLAS H. ANDERS, individually; and JOHN OR JANE 1-5 DOES, real names unknown. individually and in their official capacities;

          Defendants.

4:23CV3242

ORDER

      This matter is before the court on the Motion to Quash Rule 45 Subpoena filed by non-party subpoena recipient, Nebraska Attorney General's Office ("AGO"). For the following reasons the motion will be denied without prejudice.

      I.      BACKGROUND

      Plaintiff filed this action alleging that he was maliciously arrested and prosecuted in retaliation for his use of protected speech. (Filing No. 1). On June 10, 2025, Plaintiff served on all other parties a Notice of Intent to Serve a Rule 45 Subpoena. The proposed Rule 45 subpoena commanded production of certain documents including:

> All Documents, including pleadings testimony, police reports, memoranda, logs, photographs, audio tapes, video recordings, correspondence, e-mails, polygraph charts and scoring sheets, or other electronic or documentary materials that were used and/or generated in the course of the prosecution of

1

> Jack A. Stark for the alleged witness tampering of Willie Miller in Omaha, Nebraska on or about August 14, 2020.
>
> All Documents that comprise, reflect, or record any Communications (in writing, by email, text message or otherwise) between any Person in the Nebraska Attorney General's Office and: (1) Douglas County, Nebraska, County Attorney's Office, (2) any Person in the Omaha Police Department; (3) any Person in the Nebraska Governor's Office; (4) any Person on the Nebraska Board of Regents; (5) any Person in the Nebraska Unicameral legislature, or; (6) any Person in the Omaha City Council or City of Omaha, that refer to or relate to the investigation and prosecution of Jack A. Stark for the alleged witness tampering of Willie Miller on or about August 14, 2020.

(Filing No. 89 at CM/ECF p. 7).

No party objected, the subpoena was issued on June 20, 2025 and was served on July 3, 2025. (Filing No. 89). The pending Motion to Quash was filed on July 23, 2025, the same day the AGO was expected to respond to the subpoena at issue. Plaintiff's response, a brief in opposition to the motion, was filed on August 5, 2025. (Filing No. 92). No reply was filed, and the motion was deemed fully briefed as of August 12, 2025.

## II. DISCUSSION

Plaintiff asserts the motion should be denied because the AGO failed to follow the local rules for motion practice, because the materials withheld based upon a claim of privilege were not specifically identified, and because the materials sought are not privileged in any way. These arguments will be addressed in turn.

A. <u>Failure to File a Brief</u>

Plaintiff asserts the motion should be denied on procedural grounds because the issue of privilege is a substantive issue of law and the AGO failed to file a brief in support of the motion as required by NECivR. 7.1(a)(1)(A) and 7.1(a)(1)(B). While the referenced rule applies to all "miscellaneous motions, applications, requests, and petitions," the consequences in failing to comply are notably limited to "a party." In particular, NECivR 7.1(1)(A) states "[a] party's failure to brief an issue raised in a motion may be considered a waiver of that issue." The AGO is not a party. The motion is sufficiently specific to

2

identify the issues raised by the nonparty subpoena recipient, therefore the court will not consider the lack of a separate motion and brief by the AGO to be an abandonment of the motion, although it should abide by the rule for future filings.

B. Rule 45 Procedure and Timeliness

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34(c)("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection"). Plaintiff argues the AGO failed to serve timely written objections as required by Rule 45(d)(2)(B), and that it did not comply with the requirements of 45(e)(2) to describe the items withheld with sufficient specificity.

1. Method of Non-Party Response to Subpoena

While Plaintiff argues that the AGO's response to the subpoena was untimely and insufficient pursuant to Fed. R. Civ. P. 45(d)(2)(B), Rule 45 does not require a nonparty to serve objections to a subpoena. In general, courts interpret Rule 45 as creating two distinct procedures for challenging a subpoena; a nonparty may serve a written objection pursuant to Fed. R. Civ. P. 45(d)(2)(B) or a nonparty may file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A). *See V&B Props. LLC v. Atl. States Ins. Co.*, No. 8:23CV348, 2024 WL 1908100, at *2 (D. Neb. May 1, 2024) citing *In re Cattle & Beef Antitrust Litigation*, 2022 WL 17718553, at *6. *See, also, Luman v. FCA US LLC*, No. 6:18-cv-6113, 2019 WL 3432422, at *2 (W.D. Ark. July 30, 2019) (subpoenaed party's "second option" after failing to timely serve written objections was to file a timely motion to quash); *Swanson v. Murray Bros., LLC*, No. 4:21-mc-00081, 2021 WL 1380285, at *1 (E.D. Mo. Apr. 12, 2021). Accordingly, the AGO was not required to serve written objections in addition to affirmatively moving to quash the subpoena and will not dispose of the matter on that ground. That said, the court echoes the comments made by former Magistrate Judge Zwart in *In re Cattle* that "nonparties are wise to [first] serve objections and confer with the serving party before engaging in litigation over compliance with a Rule 45 subpoena," something that appears to be missing here. 2022 WL 17718553 *6.

3

2. Timeliness

Under Rule 45(d)(2)(B), "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Id. Unlike serving Rule 45(d)(2)(B) written objections, a motion to quash is not subject to the 14-day requirement. Instead, the rule provides simply that the motion to quash must be "timely." Luman at *2; Fed. R. Civ. P. 45(d)(3)(A). While 'timely' is not defined in the rule nor elaborated upon in the advisory committees notes, courts have read 'timely' to mean generally within the time set in the subpoena for compliance. Luman at *2 citing U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., 238 F. Supp. 2d 270, 278 (D.D.C. 2002); see also Estate of Ungar v. Palestinian Authority, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena").

In this case, Plaintiff served the subject subpoena on July 3, 2025. (Filing No. 89). The return date provided in the subpoena for production of the requested documents was July 23, 2025 at 12:00 a.m. (Filing No. 89 at CM/ECF p. 5). The AGO did not file the motion to quash until July 23, 2025 at 9:02 a.m. Technically the motion was not timely made, as it was filed after the time of production commanded by the subpoena. However, considering that the time and place of production was at midnight at counsel's office, and the motion was filed within hours on the same day, the court will use its discretion not to deny the motion on timeliness grounds. See In Re Keebaugh, No. MC 19-163, 2019 WL 5802703, at *3 (E.D. Pa. Nov. 6, 2019) ("'Good cause' or other circumstances may excuse an untimely motion [to quash].").

3. Sufficiency of the Response Under 45(e)(2)

Fed. R. Civ. P. 45(e)(2) requires recipients claiming privilege to (i) expressly make the claim; and, (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. Plaintiff argues that the motion makes

4

the claim of privilege but is "completely bereft of any description whatsoever of the materials being withheld." Filing No. 92 at CM.ECF p.5. Therefore, Plaintiff argues it is impossible to assess the claim of privilege. In response, the AGO argues that the State and Nebraska has already provided to Plaintiff:

- All documents the State of Nebraska and the Attorney General's Office were required to disclose as a result of discovery in Plaintiff's criminal trial. (Filing No. 89 at CM/ECF p. 2)
- All potentially exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (963). (Filing No. 89 at CM/ECF p. 2)
- Copies of all exhibits and materials used by the State as part of its prosecution. (Filing No. 89 at CM/ECF p. 3).

The AGO further argues that anything not already disclosed is covered by the attorney work product privilege as set forth in Fed. R. Civ. P. 26(b)(3)(A), and that Plaintiff has not demonstrated that the demand satisfies the narrow exception set forth in Fed. R. Civ. P. 26(b)(3)(A)(ii).

Upon review, the AGO made a claim of privilege, but did not provide the requisite privilege log or functional equivalent to allow Plaintiff to assess the claim. *Gonzalez-Rodriguez v. Gracia*, No. 5:21-CV-406-BO, 2023 WL 149978, at *2 (E.D.N.C. Jan. 10, 2023); See *Moore v. Shapiro & Burson, LLP*, No. 3: 14CV832 DJN, 2015 WL 6674709, at *1 (E.D. Va. Oct. 29, 2015) (denying motion to quash based on, among other deficiencies, the "fail[ure] to provide a privilege log or functional equivalent, thereby failing to comply with Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure."). The party asserting a privilege has the burden of showing that the privilege applies. *United States v. Ivers*, 967 F.3d 709, 715 (8th Cir. 2020). Without sufficient information about the documents and materials withheld, the court cannot adequately assess any claim of privilege at this time.

Plaintiff represents that he has no interest in duplicative materials and would have happily met and conferred with the AGO regarding the scope of the materials sought.

5

Taking plaintiff at his word, the court finds that the AGO's provision of the information required by Fed. R. Civ. P. 45(e)(2)(A) and good faith communications between counsel are likely to resolve or narrow the issues in dispute. *See* Fed. R. Civ. P. 1 (providing the Rules of Civil Procedure should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Accordingly,

IT IS ORDERED that the Motion to Quash (Filing No. 89) filed by the Attorney General's Office is denied without prejudice, subject to renewal. Prior to doing so, the parties shall first contact the undersigned's chambers and follow the Magistrate Judge Civil Case Management Practices applying to discovery disputes to address any unresolvable issues after Plaintiff and nonparty AGO meet and confer regarding the Rule 45 Subpoena.

Dated this 3rd day of September, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge