IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACK A. STARK,<br><br>    Plaintiff,<br><br>  v.<br><br>NICOLAS YANEZ, individually;<br>WILLIE J. MILLER, individually;<br>DOUGLAS H. ANDERS, individually; and<br>JOHN OR JANE DOES 1-5, real names<br>unknown individually and in their official<br>capacities,<br><br>    Defendants. | CASE NO.: 4:23-cv-3242 |

**DEFENDANT DOUGLAS H. ANDERS' BRIEF IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT**

Prepared and Submitted By:
Michael L. Storey, #24960
LAMSON DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
mstorey@ldmlaw.com
Tele: 402-397-7300 | Fax: 402-397-7824
*ATTORNEYS FOR DEFENDANT DOUGLAS H. ANDERS*

**INTRODUCTION**

Plaintiff Jack Stark accuses Defendant Douglas H. Anders of conspiring with Defendant Willie J. Miller to maliciously prosecute Stark for witness tampering. Anders did not himself provide information to the Omaha Police Department. Nebraska law therefore requires Plaintiff to prove that Anders had knowledge that Miller's belief that Plaintiff tampered with him was false, or that Anders lacked probable cause to believe that Plaintiff tampered with Miller. No such evidence exists. Furthermore, there is no genuine issue of material fact that Plaintiff has no evidence that Miller and Anders had a "meeting of the minds" and therefore his claim that the two conspired to have Miller maliciously prosecuted fails.

There is no evidence that Anders believed Miller to be lying about the conversations that occurred between Plaintiff and Miller. There is no evidence that Anders had reason to believe Miller was falsely prosecuting out of malicious intent. To the contrary, the text messages establish a genuine belief by both Miller and Anders, as well as Anders' defense attorney, that a crime may have been committed. Anders did nothing more than encourage Miller to report the incident. The three gentlemen were not alone in their belief of probable cause. Before the jury could acquit Plaintiff, the OPD, the prosecutors, and three judges each independently found probable cause to allow the matter to go to a jury trial.

Plaintiff's acquittal does not change the fact that Anders', Miller's, OPD's, the prosecutor's, and three judges' belief that there was probable cause was reasonable. Miller never recanted his account, and no evidence shows Anders had reason to question its accuracy. There is no smoking gun that proves Miller lied. There is no evidence that Anders knew or had reason to believe Miller's account was false. Thus, absent evidence that Anders knew Miller did not

have probable cause to prosecute the claim, and Plaintiff possesses no such evidence, this Court must find that there is no genuine issue of material fact that Anders is entitled to summary judgment.

**STATEMENT OF UNDISPUTED FACTS**

In accordance with NECivR 56.1(a), Anders has filed a separate Statement of Undisputed Facts, which Anders incorporates herein by this reference.

**STANDARD OF REVIEW**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "primary purpose" of the summary judgment procedure "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id*. at 327 (internal citations omitted).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant meets the initial burden, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 1042 (quoting *Celotex,* 477 U.S. at 324). "The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmovant." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782,

791-92 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson*, 643 F.3d at 1042 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

**ARGUMENT**

There are just two causes of action against Anders: civil conspiracy and malicious prosecution. There is no evidence to create a genuine issue of material fact that Anders independently, or in conspiracy with Miller, maliciously induced OPD to investigate Plaintiff on a "false" claim of witness tampering by having Miller provide false information to the OPD. To reach such a conclusion would require a jury to engage in pure speculation and conjecture. This Court should grant summary judgment in Anders' favor.

A claim for civil conspiracy requires Plaintiff to prove that two or more persons combined to accomplish, by concerted action, an unlawful object, or a lawful object by unlawful means, which constitutes a tort against the plaintiff. *Salem Grain Co. v. Consolidated Grain and Barge Co.*, 900 N.W.2d 909, 923-24 (Neb. 2017). There must be an underlying tort, here allegedly malicious prosecution, for there to be a civil conspiracy. *Id.*

Under Nebraska law, the tort of malicious prosecution comprises six elements: "(1) the commencement or prosecution of the proceeding against the plaintiff, (2) its legal causation by the present defendant, (3) its bona fide termination in favor of the plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice therein, and (6) damages."

*Sampson v. Lambert*, 903 F.3d 798, 804 (8th Cir. 2018) (*citing McKinney v. Okoye*, 287 Neb. 261, 842 N.W.2d 581, 591 (Neb. 2014)). To succeed, Plaintiff must prove that all these elements coalesced. *Linn v. Garcia*, 531 F.2d 855, 862 (8th Cir. 1976).

**A.     The Undisputed Evidence Is That There Was Probable Cause For Plaintiff's Arrest—Plaintiff Does  Not Have Specific Facts Showing That There Is A Genuine Issue For Trial That Anders Lacked Probable Cause When Miller Reported The Potential Crime To Sgt. Yanez.**

There is no competent evidence that Anders lacked probable cause to believe Miller when Miller shared his belief that Plaintiff had tampered with him. Because Anders did not himself initiate the prosecution, nor did he provide any information to the OPD, let alone false information, Plaintiff must have evidence that Anders knew at the time of his interactions with Miller that the information was false or misleading. Such evidence does not exist. In fact, the only evidence is that Miller believed that Plaintiff had tampered him and so did Officer Yanez, the OPD, the prosecuting attorneys, and the Douglas County District Court. A jury acquitting Plaintiff is alone insufficient evidence to establish that Anders lacked an objectively reasonable basis to believe Miller's report was truthful.

Nebraska law requires that the defendant himself induced or initiated the prosecution. *See McKinney v. Okoye*, 282 Neb. 880, 886, 806 N.W.2d 571, 577 (2011) (noting that "[a] private citizen who initiated or procured a criminal prosecution could (and can still) be sued for the tort of malicious prosecution"). "A person who supplies information to prosecuting authorities is not liable for the prosecutors' action so long as any ensuing prosecution is left entirely to the officials' discretion." *McKinney v. Okoye*, 287 Neb. 261, 272, 842 N.W.2d 581, 592 (2014). However, the law does not consider a prosecution to be the result of the prosecuting authorities' independent discretion if the information provided by the informant "(1) directs or counsels officials in such a way so as to actively persuade and induce the officers' decisions or

(2) knows that the information provided is false or misleading." *Id.* As stated in the Restatement (Second) of Torts, "[i]n order that there be liability [for malicious prosecution] . . ., the *defendant must take an active part* in [the defendants'] prosecution after learning that there is no probable cause for believing the accused guilty." Restatement (Second) of Torts, § 655 cmt. c (emphasis supplied).

Here, Plaintiff has no evidence that (1) Anders ever learned that there was no probable cause for believing Plaintiff may be guilty of witness tampering or (2) that Anders took an active part in the prosecution after learning of no probable cause. The only evidence available is that Miller told Anders the same information that he shared with the OPD and others. Anders' belief was later shared and endorsed by others trained in law and law enforcement who found probable cause to exist based on Miller's interview. Officer Yanez investigated all the evidence, not just Miller's testimony, and found probable cause. (Ex. 2, at 35:12–24). The prosecuting attorney, an assistant attorney general, and three judges agreed that there was probable cause for the arrest and prosecution. (Ex. 2, at 173:2-174:4; 177:1-179:5).

There is no genuine issue of material fact that Officer Yanez still to this day believes that there was probable cause for the arrest and prosecution. (Ex. 2, at 184:14-16). In fact, during his investigation, Yanez never identified any evidence to indicate that Miller's statement was false at the time Miller gave those statements to law enforcement. (Ex. 2, at 99:19-100:6). On this record, no reasonable jury could find an absence of probable cause or that Anders knew or should have known of any false information. This Court should grant summary judgment in Anders' favor.

**B.     The Court Should Dismiss The Conspiracy To Maliciously Prosecute Plaintiff If The Malicious Prosecution Claim Is Dismissed And Because There Is No Evidence That There Was A Meeting Of The Minds.**

Plaintiff's failure to prove a lack of probable cause for malicious prosecution has a cascading effect to his remaining cause of action of civil conspiracy against Anders.  Without the underlying tort, conspiracy fails.  In addition, Plaintiff cannot create a genuine issue of material fact as to whether there was a meeting of the minds to maliciously prosecute this claim.  This Court should grant summary judgment in Anders' favor.

With "A civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means." *Salem Grain Co. v. Consol. Grain & Barge Co.*, 297 Neb. 682, 701, 900 N.W.2d 909, 923 (2017).  "A claim of civil conspiracy requires the plaintiff to establish that the defendants had an expressed or implied agreement to commit an unlawful or oppressive act that constitutes a tort against the plaintiff." *Id.*  Nebraska "precedent is clear regarding claims of civil conspiracy: a 'conspiracy' is not a separate and independent tort in itself, but, rather, is dependent upon the existence of an underlying tort." *Id.* at 924.

Without knowledge or at least a belief by Anders that Miller's claims were false, there could be no meeting of the minds necessary for Plaintiff to survive a motion to dismiss.  Mere speculation or conjecture is insufficient to prove a civil conspiracy. *Mendoza v. United States Immigr. & Customs Enf't,* 849 F.3d 408, 421 (8th Cir. 2017).  "Mere cooperation between entities is not evidence of *specific facts* that show a meeting of the minds." *Gardner v. Franklin,* No. 4:21-CV-3145, 2022 U.S. Dist. LEXIS 96916, *18 (D. Neb. May 31, 2022), (*citing Mendoza,* supra).

It is a matter of Nebraska public policy that "[a] person who knows that a crime has been committed should not be deterred from reporting it to public officials out of fear of civil liability." *Okoye*, 282 Neb. at 883, 806 N.W.2d at 575. The OPD, Nebraska Attorney General's office, and three judges believed that sufficient probable cause existed to investigate and try Plaintiff for witness tampering. Anders' belief in the veracity of Miller's claim negates the necessary "meeting of the minds" element to conspire to maliciously prosecute Plaintiff. In other words, because there is no evidence that Anders believed Miller's claims to be false, he was not engaging in a civil conspiracy or malicious prosecution.

## CONCLUSION

Without any evidence that Anders lacked probable cause to believe Miller and Miller's belief that Plaintiff tampered with him as a witness, Plaintiff's claims for conspiracy and malicious prosecution fail as a matter of law. Speculation and conjecture are not enough to overcome the undisputed fact that the officers, prosecutors, and judges that reviewed all the investigatory materials found probable cause. A jury acquitting Plaintiff does not change the reasonableness of those determinations. Without these essential elements, Plaintiff cannot create a genuine issue of material fact for malicious prosecution or civil conspiracy against Anders under Nebraska law and, therefore, this Court should grant summary judgment in his favor.

DATED this 15th day of June, 2026.

DOUGLAS H. ANDERS, Defendant,

BY: s/ *Michael L. Storey*
Michael L. Storey, #24960
LAMSON DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
mstorey@ldmlaw.com
Tele: 402-397-7300 | Fax: 402-397-7824
*ATTORNEYS FOR SAID DEFENDANT*

**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that this brief complies with NECivR 7.1(d)(1)(A) and (d)(1)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations.  This document was prepared using Microsoft Word for Office 365 and contains 2,347 words, which is within the 13,000-word limit.

s/ *Michael L. Storey*

**CERTIFICATION REGARDING AI USAGE**

Defendants certify that no generative artificial intelligence program was used in drafting this Brief, or that to the extent such a program was used, a human signatory of the document verified the accuracy of all generated text, including all citations and legal authority.

s/ *Michael L. Storey*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with Clerk of the Court using the CM/ECF e-filing system which sent notification of such filing to the attorneys of record registered with the CM/ECF system.

s/ *Michael L. Storey*

4930-8991-0195, v. 4